LOCAL BANKRUPTCY FORM 3015-1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| IN RE: | CHAPTER 13 |
|---|---|
| DALE R. PACKARD | CASE NO.: |
| | \_\_2nd\_\_ Amended Plan 3/2/21 |
| | Number of Motions to Avoid Liens |
| | 2   Number of Motions to Value Collateral |

## CHAPTER 13 PLAN

### NOTICES

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | ☐ Included | ☒ Not Included |
|---|---|---|---|
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | ☐ Included | ☒ Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase- money security interest, set out in § 2.G | ☐ Included | ☒ Not Included |

### YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

1

1. **PLAN FUNDING AND LENGTH OF PLAN.**

    A. <u>Plan Payments From Future Income</u>
    1. To date, the Debtor paid $1,754.30 (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is $ 71,781.12 plus other payments and property stated in § 1B below:

    | Start mm/yyyy | End mm/yyyy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
    |---|---|---|---|---|---|
    | 3/2021 | 8/2025 | $1,296.80 | | $1,296.80 | |
    | | | | | | |
    | | | | | | |
    | | | | | | |
    | | | | | Total Payments: | $71.781.12 |

    2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

    3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

    4. CHECK ONE:
        ☑ Debtor is at or under median income.

    B. <u>Additional Plan Funding From Liquidation of Assets/Other</u>

    1. The Debtor estimates that the liquidation value of this estate is $ Enter text here. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

    *Check one of the following two lines.*

    ☑    No assets will be liquidated.

2. **SECURED CLAIMS.**

    A. <u>**Pre-Confirmation Distributions**</u>. *Check one.*

        ☐    X None.

        ☐    Adequate protection and conduit payments in the following amounts will be paid by the Debtor to the Trustee. The Trustee will disburse these payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from the Debtor.

| Name of Creditor | Last Four Digits of Account Number | Estimated Monthly Payment |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

1. The Trustee will not make a partial payment. If the Debtor makes a partial plan payment, or if it is not paid on time and the Trustee is unable to pay timely a payment due on a claim in this section, the Debtor's cure of this default must include any applicable late charges.

2. If a mortgagee files a notice pursuant to Fed. R. Bankr. P. 3002.1(b), the change in the conduit payment to the Trustee will not require modification of this plan.

    B. <u>**Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor**</u>. *Check one.*

        ☐    None.

        ☒    Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if

3

not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account |
|---|---|---|
| Citibank/Fay Servicing | 274 Glendale Avenue | 6703 |
| PHFA | 274 Glendale Avenue | 0407 |
|  |  |  |

C. **Arrears (Including, but not limited to, claims secured by Debtor's principal residence).** *Check one.*

 ☐ None.

 ☒ The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under § 1322(b)(5) of the Bankruptcy Code:

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Postpetition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| Citibank/Fay Servicing | 274 Glendale Avenue | $39,001.80 |  | $39,001.80 |
| Derry Township Sewer Authority | 274 Glendale Avenue | $3,260 |  | $3,260 |
| PHFA | 274 Glendale Avenue | $1,000 |  | $1,000 |

D. **Other secured claims (conduit payments and claims for which a § 506 valuation is not applicable, etc.)**

☐ X None.

☒ The claims below are secured claims for which a § 506 valuation is not applicable, and can include: (1) claims that were either (a) incurred within 910 days of the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor, or (b) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value; (2) conduit payments; or (3) secured claims not provided for elsewhere.

1. The allowed secured claims listed below shall be paid in full and their liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under §1328 of the Code.

2. In addition to payment of the allowed secured claim, present value interest pursuant to 11 U.S.C. §1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below, unless an objection is raised. If an objection is raised, then the court will determine the present value interest rate and amount at the confirmation hearing.

3. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Principal Balance of Claim | Interest Rate | Total to be Paid in Plan |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

E. **Secured claims for which a § 506 valuation is applicable.** *Check one.*

☐ None.

☒ Claims listed in the subsection are debts secured by property not described in § 2.D of this plan. These claims will be paid in the plan according to

modified terms, and liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under §1328 of the Code. The excess of the creditor's claim will be treated as an unsecured claim. Any claim listed as "$0.00" or "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. The liens will be avoided or limited through the plan or Debtor will file an adversary or other action (select method in last column). To the extent not already determined, the amount, extent or validity of the allowed secured claim for each claim listed below will be determined by the court at the confirmation hearing. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Value of Collateral (Modified Principal) | Interest Rate | Total Payment | Plan, Adversary or Other Action |
|---|---|---|---|---|---|
| J D Byrider | 2008 Kia Sportage | $14,238.00 | 6% | $16,515.60 | Plan |
| Lendmark | 2004 Dodge Ram | $1,951.73 | 6% | $2,068.84 | Plan |
| | | | | | |

F. **Surrender of Collateral.** *Check one.*

☐ X None.

☐ The Debtor elects to surrender to each creditor listed below the collateral that secures the creditor's claim. The Debtor requests that upon confirmation of this plan or upon approval of any modified plan the stay under 11 U.S.C. §362(a) be terminated as to the collateral only and that the stay under §1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 4 below.

| Name of Creditor | Description of Collateral to be Surrendered |
|---|---|
| | |

|  |  |
|--|--|
|  |  |
|  |  |
|  |  |

G. **Lien Avoidance. Do not use for mortgages or for statutory liens, such as tax liens.** *Check one.*

- ☐ X None.

- ☐ The Debtor moves to avoid the following judicial and/or nonpossessory, nonpurchase money liens of the following creditors pursuant to § 522(f) (this § should not be used for statutory or consensual liens such as mortgages).

| Name of Lien Holder |  |  |  |
|--|--|--|--|
| Lien Description<br>For judicial lien, include court and docket number. |  |  |  |
| Description of the liened property |  |  |  |
| Liened Asset Value |  |  |  |
| Sum of Senior Liens |  |  |  |
| Exemption Claimed |  |  |  |
| Amount of Lien |  |  |  |
| Amount Avoided |  |  |  |

3. **PRIORITY CLAIMS.**

   A. **Administrative Claims**

   1. <u>Trustee's Fees</u>. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

   2. <u>Attorney's fees</u>. Complete only one of the following options:

7

a. In addition to the retainer of $ Enter text here already paid by the Debtor, the amount of $ 4,000 in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

b. $ Enter text here per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

3. Other. Other administrative claims not included in §§ 3.A.1 or 3.A.2 above. *Check one of the following two lines.*

    ☑ None.

B. **Priority Claims (including, certain Domestic Support Obligations**

Allowed unsecured claims entitled to priority under § 1322(a) will be paid in full unless modified under §9.

| Name of Creditor | Estimated Total Payment |
|---|---|
|  |  |
|  |  |
|  |  |

C. **Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B)**. *Check one of the following two lines.*

   ☐ X None.

   ☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim. *This plan provision requires that payments in § 1.A. be for a term of 60 months (see 11 U.S.C. §1322(a)(4)).*

| Name of Creditor | Estimated Total Payment |
|---|---|

|  |  |
|---|---|
|  |  |

4. **UNSECURED CLAIMS.**

    A. <u>**Claims of Unsecured Nonpriority Creditors Specially Classified.**</u> *Check one of the following two lines.*

        ☐   X None.

        ☐   To the extent that funds are available, the allowed amount of the following unsecured claims, such as co-signed unsecured debts, will be paid before other, unclassified, unsecured claims. The claim shall be paid interest at the rate stated below. If no rate is stated, the interest rate set forth in the proof of claim shall apply.

| Name of Creditor | Reason for Special Classification | Estimated Amount of Claim | Interest Rate | Estimated Total Payment |
|---|---|---|---|---|
|  |  |  |  |  |

    B. <u>**Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.**</u>

5. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** *Check one of the following two lines.*

        ☐   X None.

        ☐   The following contracts and leases are assumed (and arrears in the allowed claim to be cured in the plan) or rejected:

| Name of Other Party | Description of Contract or Lease | Monthly Paymen | Interest Rate | Estimated Arrears | Total Plan Paymen | Assume or Reject |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |

|  |  |  |  |  |  |  |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |

6. **VESTING OF PROPERTY OF THE ESTATE.**

   **Property of the estate will vest in the Debtor upon**

   *Check the applicable line:*

   ☐ plan confirmation.
   ☒ entry of discharge.
   ☐ closing of case.

7. **DISCHARGE: (Check one)**

   ☒ The debtor will seek a discharge pursuant to § 1328(a).
   ☐ The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

8. **ORDER OF DISTRIBUTION:**

   If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

   Payments from the plan will be made by the Trustee in the following order:

   Level 1: Enter text here
   Level 2: Enter text here
   Level 3: Enter text here
   Level 4: Enter text here
   Level 5: Enter text here
   Level 6: Enter text here
   Level 7: Enter text here
   Level 8: Enter text here

   *If the above Levels are filled in, the rest of § 8 need not be completed or reproduced.* If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:

10

Level 1: Adequate protection payments.
Level 2: Debtor's attorney's fees.
Level 3: Domestic Support Obligations.
Level 4: Priority claims, pro rata.
Level 5: Secured claims, pro rata.
Level 6: Specially classified unsecured claims.
Level 7: Timely filed general unsecured claims.
Level 8: Untimely filed general unsecured claims to which the Debtor has not objected.

**9. NONSTANDARD PLAN PROVISIONS.**
Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)

Dated:

/s/ James H. Turner
Attorney for Debtor

/s/ Dale R. Packard
Dale R. Packard

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9.

11

Case 1:20-bk-02533-HWV    Doc 37    Filed 03/02/21    Entered 03/02/21 11:55:48    Desc
Main Document    Page 11 of 15

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE: : Chapter 13 Proceeding
DALE PACKARD : Case No. 1:20-02533

## NOTICE TO CREDITORS OF RESCHEDULED CONFIRMATION HEARING ON AMENDMENT TO CHAPTER 13 PLAN AND OPPORTUNITY TO OBJECT

TO ALL CREDITORS OF THE ABOVE-CAPTIONED DEBTOR:

Please note that a confirmation hearing on the 2nd_____ Amended Plan has been scheduled for the Debtor on the date indicated below.

A deadline of **April 7, 2021** has been set for objections to the confirmation of the plan.

| United Stated Bankruptcy Court<br>Ronald Reagan Federal Building,<br>Bankruptcy Courtroom (3rd Floor)<br>Third & Walnut Streets<br>Harrisburg, PA 17101 | Date: April 14, 2021<br><br>Time: 9:30 AM |
|---|---|
| | |

A copy of the plan is enclosed with this notice. It can also be obtained by accessing the case docket through PACER, or from the Bankruptcy Clerk's Office at the address listed below during normal business hours.

Requests to participate in a hearing telephonically shall be made in accordance with Local Bankruptcy Rule 9074-1(a).

*Please note that evidentiary hearings will not be conducted at the time of the confirmation hearing. If it is determined during the confirmation hearing that an evidentiary hearing is required, the evidentiary hearing will be scheduled for a future date.*

Date: March 2, 2021

/s/ James H. Turner, Esquire
Turner and O'Connell
915 N Mountain Road, Suite D
Harrisburg, PA 17112
(717)232-4551

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE: : CHAPTER 13
DALE PACKARD : Case No. 1:20-02533

## CERTIFICATE OF SERVICE

I, James H. Turner, Esquire, hereby certify that I served a true and correct copy of an amended plan, to:

    See attached

Date: 3/2/2021

/s/ James H. Turner, Esquire
James H. Turner
Turner and O'Connell
915 N Mountain Road, Suite D
Harrisburg, PA 17112
(717) 232-4551

```
Label Matrix for local noticing          Citimortgage, Inc./ Fay Servicing        Comcast
0314-1                                   PO Box 88009                             Bank Processing Center 0102
Case 1:20-bk-02533-HWV                   Chicago, IL 60680-1009                   PO Box 820124
Middle District of Pennsylvania                                                   Philadelphia, PA 19182-0124
Harrisburg
Tue Mar  2 11:41:50 EST 2021

Credit One Bank                          Charles J DeHart, III (Trustee)          (p)DERRY TOWNSHIP SANITARY SEWER AUTHORITY
PO Box 60500                             8125 Adams Drive, Suite A                ATTN CAROLYN MUMPER
City Of Industry, CA 91716-0500          Hummelstown, PA 17036-8625               74 RESERVE LANE
                                                                                  LEWISTOWN PA 17044-8647


Dish Network                             Fay Servicing, LLC                       Geisinger
Dept 0063                                c/o McCalla Raymer Leibert Pierce, LLC   PO Box 27727
Palatine, IL 60055-0063                  Bankruptcy Department                    Newark, NJ 07101-7727
                                         1544 Old Alabama Road
                                         Roswell, GA 30076-2102


Leon P Haller                            J D Byrider                              Kimbra Packard
Purcell Krug and Haller                  3510 W College Avenue                    274 Glendale Ave
1719 North Front Street                  State College, PA 16801-2507             Lewistown, PA 17044-9010
Harrisburg, PA 17102-2392


LVNV Funding, LLC                        Lendmark  Financial Services             (p)LENDMARK FINANCIAL SERVICES
Resurgent Capital Services               Nittany Commons                          2118 USHER ST
PO Box 10587                             2264 E College Avenue                    COVINGTON GA 30014-2434
Greenville, SC 29603-0587                State College, PA 16801-7205


PHFA                                     Dale R Packard                           Pennsylvania Department of Revenue
211 N Front Street                       274 Glendale Avenue                      Bankruptcy Division
Harrisburg, PA 17101-1466                Lewistown, PA 17044-9010                 P.O. Box 280946
                                                                                  Harrisburg, PA 17128-0946


Pennsylvania Housing Finance Agency/HEMAP Pennsylvania Housing Finance Agency/Homeowne  Social Security Administration
211 North Front Street                   211 North Front Street                   Office of Central Operations
PO BOX 15205                             Harrisburg, PA 17101-1406                1500 Woodlawn Drive
Harrisburg, PA 17101-1406                                                         Baltimore, MD 21241-1500


Social Security Administration           Rebecca Ann Solarz                       State Farm Insurance
Office of the General Counsel            KML Law Group, P.C.                      c/o Dan Bennett
300 Spring Garden St, 6th Fl.            701 Market St.                           324 S Logan Blvd, Suite A
Philadelphia, PA 19123-2924              Suite 5000                               Burnham, PA 17009-1867
                                         Philadelphia, PA 19106-1541


James H Turner                           U.S. Bank National Association           (p)U S  OFFICE OF PERSONNEL MANAGEMENT
Turner and O'Connell                     c/o Fay Servicing, LLC                   ATTN RETIREMENT POLICY
915 N Mountain Road                      PO Box 814609                            ROOM 3326
Suite D                                  Dallas, TX 75381-4609                    1900 E STREET NW
Harrisburg, PA 17112-1793                                                         WASHINGTON DC 20415-0001


United States Office Of                  United States Trustee                    University Orthopedics Center
Personnel Management                     228 Walnut Street, Suite 1190            101 Regent Court
PO Box 45                                Harrisburg, PA 17101-1722                State College, PA 16801-7965
Boyers, PA 16017-0045
```

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Derry Township Sewer Authority<br>75 Reserve Lane<br>Lewistown, PA 17044 | Lendmark Financial Services, LLC<br>2118 Usher Street<br>Covington, GA 30014 | US Office of Personnel Management<br>OPM, Retirement Policy, Retirement Servi<br>1900 E. Street, NW, Room 3326<br>Washington, DC 20415 |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | | |
|---|---|---|---|
| (d)Fay Servicing, LLC<br>c/o McCalla Raymer Leibert Pierce, LLC<br>Bankruptcy Department<br>1544 Old Alabama Road<br>Roswell, GA 30076-2102 | (u)U.S. Bank National Association, not in its | End of Label Matrix<br>Mailable recipients<br>Bypassed recipients<br>Total | 29<br>2<br>31 |